CHANDLER *v.* BENNEFIELD *et al.*

BECK, P. J. 1. In view of the issues involved in this case, the court did not err in instructing the jury that "In all civil cases a preponderance of the evidence is considered sufficient to produce mental conviction." This charge was taken literally from the Civil Code, § 5730. On the theory of the case as narrowed by the charge of the court, the enforcement of a parol contract for land was not involved; and the rule, often stated, that evidence to support a parol contract for the sale of land must be so strong and clear as to leave no reasonable doubt as to the agreement, was not applicable.

2. Error is assigned upon the following charge of the court: "I charge you, gentlemen, that in this case there is only one question for your determination. You look to the evidence in this case, and you determine as to whether or not the plaintiff in this case, when he sold the fifty acres, which is conveyed by the deed which is in evidence, pointed out to the defendants in this case the two acres of land in controversy and represented to them that this two acres of land was a part of the fifty acres which was being sold; and that thereafter a north and south line was run as a boundary line between the tracts so conveyed by Mr. Hammond for Mr. Chandler. . . In other words, in this case, if you find that such a line was run, and that it was pointed out by the plaintiff in this case, Chandler, and that he thereafter represented to the defendants in this case that the house and barn in question and the two acres in question was a part of the fifty acres of land to be conveyed to them, then I charge you, if you find that to be true, that the plaintiff in this case would not be entitled to recover; on the other hand, if you find that not to be true, then the plaintiff would be entitled to recover." This charge was not error on the ground that there was no evidence to authorize it; and the charge in itself did not authorize the recovery of other land than that which is described in this part of the charge.

3. In view of the limitations put upon the right to recover in case the contention of the defendant as to the two acres of land referred to and the barn was supported by evidence, the exceptions to the court's instructions to the jury as to the form of their verdict are without merit.

*Judgment affirmed. All the Justices concur.*

No. 9299. MAY 10, 1933.

*Maddox, Matthews & Owens* and *C. D. Rivers,* for plaintiff in error.

*Wright & Covington* and *John D. & E. S. Taylor,* contra.